WeldoN, J.,
delivered the opinion of the court:
The claimant is the widow of John J. Blandin, late lieutenant in the United States Navy, who died on the 16th *570 day of June, 1898, in consequence of a nervous shock and injury received in the destruction of the U. S. steamer Maine on the 15th day of February, A. D. 1898.
At the time of the destruction, John J. Blandin was a lieutenant, junior grade, on board of said steamer. A vacancy then existed in the grade of lieutenant, to which he was entitled to be promoted in due course, but by reason of absence on duty he was not available for examination, and therefore, without fault on his part, he had not been examined or actually promoted at that time.
On the 21st of April, 1898, he was promoted and commissioned a full lieutenant, to take rank from the 1st of February, 1898, such promotion being in course to fill a vacancy existing in the grade at that date.
He was allowed, and received in his lifetime, the pay of a full lieutenant from the date on which he took rank.
The claimant, as his widow, made application for one year’s sea pay of her husband under section 2 of “An act for the relief of the sufferers by the destruction of the U. S. steamer Maine in the harbor of Havana, Cuba,” approved March 30, 1898 (Stat. L., 346).
If, upon said application, she had been paid the sea pay of a full lieutenant, she would have received the sum of $2,400, the pay of that grade under section 1556 of the Revised Statutes.
She was allowed and paid only the sum of $1,800, being the sea pay of lieutenant, junior grade, after deducting the amount received by her husband for losses sustained in the destruction of said vessel. For the difference between what was paid her, to wit, the sum of $1,800, less the deduction aforesaid, and the sum of $2,400, she brings suit.
The suit was commenced in the name of the widow and the children of the deceased, but upon examination of the statute the coui't is of the opinion that the widow, and not the widow and children, is the proper party under the statute.
The statute provides “that the widow, child, or children, and if there be no parent, the brothers and sisters of the officers, enlisted men, and others who were lost in the destruction of said vessel, or who have died or may die within one *571 year from the date of tbe disaster, in consequence of injuries received in the destruction of said vessel, shall be entitled to and receive out of any money in the Treasury of the United States not otherwise appropriated, to wit: The relative, in the order named, of the persons heretofore referred to, a sum equal to twelve months’ sea pay of the grade or rating of each person deceased as aforesaid.”
In connection with the statute providing for the extra allowance, the provisions of the Revised Statutes, section 1562, must be considered. It provides:
“If an officer of a class subject to examination before promotion shall be absent on duty, and by reason of such absence, or of other cause not involving fault on his part, shall not be examined at the time required by law or regulation, and shall afterwards be examined and found qualified, the increased rate of pay to which his promotion would entitle him shall commence from the date when he would have been entitled to it had he been examined and found qualified at the time so required by law or regulation; and this rule shall apply to any cases of this description which may have heretofore occurred. And in every such case the period of service of the party, in the grade to which he was promoted, shall, in reference to the rate of his pay, be considered to have commenced from the date when he was so entitled to take rank.”
The findings of fact in this case show that without any fault on the part of the decedent he was absent on duty, and because of such absence he could not be examined at the time he was entitled to examination, but was afterwards examined and found qualified.
In the provisions of section 1562 it is expressly provided that “the increased rate of pay to which his.promotion would entitle him shall commence from the date when he would have been entitled to it had he been examined and found qualified at the time so required by law or regulation.”
Chapter 392, section 1, 1 Supp. R. S., 36, provides: “That on and after the passage of said act an officer of the Navy who may be promoted to fill a vacancy in the next higher grade shall be entitled to the pay of the grade to which he is appointed from the date he takes rank therein, if it be subsequent to the vacancy he is appointed to fill.” The provi *572 sions of these two statutes, applied in connection with tbe act under which this proceeding was commenced, clearly entitle the claimant to recover full sea pay from the time the decedent was.appointed to take rank.
It is insisted by the defendants that the case comes within the law announced by this and the Supreme Court in the case of Swan v. The United States (19 C. Cls. R., 51) and the affirmance of that decision by the Supreme Court in 113 U. S. B., 747. The decision in that case, both in this and the Supreme Court, was based upon the ground of the vested right of the captors. “ In every case such as this the rights of the captors are declared by statute, and they become fixed at the moment of the capture, and nothing less than a statute can divest, diminish, or unsettle the rights so fixed.” (19 C. Cls. R., 69.)
The Supreme Court of the United States, in affirmation of the judgment of this court, said, in substance, that under the prize act of June 30, 1864, chapter 174, section 10, rule 5, distribution is to be made according to their pay at the time of the capture, and not according to the pay of the grades to which they have since been promoted as of that time.
In this case there is no question of vested rights in other parties, and the payment of the sea pay dating from the time the officer took rank is no infringement upon the rights of others. It simply involves a construction of the statute which was intended to pay an extra allowance to persons injured in the terrible catastrophe specified in the provisions of the act upon which this proceeding is based.
The act of March 30, 1898, is an act of just benefaction to those who were lost or injured in the destruction of the Maine, and should receive a liberal construction in carrying out the purpose which Congress had in view in the passage of the act. The claimant, by the facts found, establishes a right to recover, and a judgment will therefore be entered for the sum of six hundred dollars ($600.00).